IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-98-58 (2) |
| | § | |
| RAMSEY LEAL, | § | |
|     Defendant. | § | |

## ORDER DENYING MOTION FOR COUNSEL
## AND ORDER DENYING NUNC PRO TUNC MOTION

On February 7, 2006, this Court revoked Defendant Ramsey Leal's supervised release term, and sentenced him to sixteen months in the custody of the Bureau of Prisons, to be followed by a twenty-month supervised release term. (D.E. 156). Judgment of revocation was entered on February 16, 2006. (D.E. 158). Leal timely appealed, and his appeal remains pending before the United States Court of Appeals for the Fifth Circuit. (D.E. 154; see generally docket in Leal v. United States, No. 06-40210 (5th Cir.)).

On March 1, 2006, the Clerk of this Court received a motion from Leal requesting the appointment of new counsel to represent him on appeal. (D.E. 162). By Order entered April 12, 2006, this Court transferred that motion to the Fifth Circuit for resolution. The Fifth Circuit denied Leal's motion in an order dated May 31, 2006. Leal v. United States, No. 06-40210 (5th Cir. May 31, 2006) (order denying motion for substitution of counsel).

On June 2, 2006, the Clerk of this Court received from Leal two motions. The first is titled as a "Nunc Pro Tunc Motion for Time Served." (D.E. 174). The second is a motion requesting the appointment of counsel in order to assist him in prosecuting his "Nunc Pro Tunc Motion." (D.E. 173). In his substantive motion, he claims that he has been in federal custody since September 1, 2004. He

1

claims that the period of time he has been in custody is longer than the amount of time he was ordered to serve for his violation of supervised release. Thus, he requests that the Court order his immediate release.

Leal's claim is essentially a challenge to the BOP's computation of his sentence and release date, and the proper vehicle for seeking such relief is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit to sentence under § 2241). Thus, if Leal seeks to challenge the BOP's computation of his sentence, he should file a § 2241 motion.[1]

Even if he had styled his motion as one pursuant to § 2241, moreover, the law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). Nothing in Leal's motion indicates that he has sought relief from the BOP, let alone fully exhausted his administrative remedies. He would need to so allege in

---

[1] The Court obviously cannot rule on the merits of a motion that is not properly before it, and thus makes no determination as to the merit of Leal's claims. The Court notes, however, that the docket sheet in this case reflects that the original warrant for Leal issued August 16, 2004, was returned unexecuted. (D.E. 146). The docket further reflects that Leal was not arrested by federal authorities for the violation of his supervised release until January 6, 2006. (D.E. 151). The return of that second warrant further reflects that the federal authorities obtained custody by detainer, which means that Leal was not in federal custody during the time-frame he claims he was. Additionally, the Bureau of Prisons' website (www.bop.gov) indicates that Leal is not presently in BOP custody. Apparently, then, Leal is currently in state custody and serving a state sentence. Presumably, his federal sentence has not yet commenced.

any § 2241 petition he files.

For all of the foregoing reasons, Leal's "Nunc Pro Tunc Motion" and his accompanying motion for the appointment of counsel (D.E. 173, 174), are DENIED.

It is ORDERED this 3rd day of July, 2006.

_____
Janis Graham Jack
United States District Judge